UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
:
In re:                                                        : Chapter 11
                                                              :
FURNITURE BRANDS                                              : Case No. 13-12329 (CSS)
INTERNATIONAL, INC., *et al.*,                                :
                                                              : Jointly Administered
      Debtors.[1]                                             :
                                                              : RE: Docket Nos. 390, 392, 400, 414, 577
---------------------------------------------------------------x and 579

### AGREED ORDER GRANTING MOTION OF THOMAS O'BRIEN FOR RELIEF FROM THE AUTOMATIC STAY

Upon the motion of Thomas O'Brien ("O'Brien") seeking an order determining that the automatic stay under section 362(a) of the Bankruptcy Code does not apply to his contractual right to terminate his licensing agreement with HDM Furniture Industries, Inc. ("HDM"), dated January 27, 1999 (as amended, the "Agreement"), or, in the alternative, granting O'Brien relief from the automatic stay for cause pursuant to section 362(d) of the Bankruptcy Code to authorize O'Brien to terminate his Agreement with HDM [D.I. 390] (the "Motion");[2] and upon the companion *Motion to Limit Notice and Schedule a Final Hearing* [D.I. 392]; and upon the *Order Limiting Notice and Setting Final Hearing* [D.I. 400]; and this Court having the jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and proper notice and an opportunity to be heard having been giving under the

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are: Furniture Brands International, Inc. (7683); Action Transport, Inc. (7587); Broyhill Furniture Industries, Inc. (3217); Broyhill Home Furnishings, Inc. (8844); Broyhill Retail, Inc. (8843); Broyhill Transport, Inc. (1721); Furniture Brands Holdings, Inc. (2837); Furniture Brands Operations, Inc. (4908); Furniture Brands Resource Company, Inc. (1288); HDM Furniture Industries, Inc. (7484); HDM Retail, Inc. (6125); HDM Transport, Inc. (4378); Lane Furniture Industries, Inc. (5064); Lane Home Furnishings Retail, Inc. (9085); Laneventure, Inc. (8434); Maitland-Smith Furniture Industries, Inc. (7486); Thomasville Furniture Industries, Inc. (6574); Thomasville Home Furnishings, Inc. (3139); Thomasville Retail, Inc. (f/k/a Classic Design Furnishings, Inc.) (6174). The Debtors' corporate headquarters is located at 1 N. Brentwood Blvd., St. Louis, Missouri 63105.

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

01:14264919.5

{00012524. }

circumstances; and the above-captioned debtors and debtors in possession (collectively, the "Debtors") having consented to the relief requested to the extent set forth below; and this Court having determined that granting the relief requested in the Motion is appropriate under the circumstances; and after due deliberation and sufficient cause appearing therefore,

IT IS HEREBY ORDERED THAT:

1. The Motion is granted to the extent set forth herein.

2. O'Brien is hereby granted relief from the automatic stay pursuant to section 362(d) of the Bankruptcy Code to permit O'Brien to deliver to HDM a notice of termination of the Agreement, and to take any and all necessary actions related thereto, in accordance with the terms of the Agreement.

3. Except for the relief granted herein, all rights of O'Brien, the Debtors, and other parties in interest are reserved, including, but not limited to, the rights of the Debtors or other parties in interest to: (i) challenge O'Brien's rights under the Agreement or other applicable law to terminate the Agreement; (ii) challenge O'Brien's election to terminate the Agreement; (iii) object to any and all claims related to the Agreement; and (iv) investigate any potential action and claims against O'Brien.

4. Any stay of this Order imposed by Federal Rule of Bankruptcy Procedure 4001(a)(3) is hereby waived.

5. This Court shall retain jurisdiction over any dispute as to the interpretation or implementation of this Order.

Dated: November __, 2013
Wilmington, Delaware

_____
CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

01:14264919.5

{00012524.}                                              2