# **EXHIBIT A**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

------------------------------------------------------------ x
                                                             :
*In re:*                                                     : **Chapter 11**
                                                             :
**FURNITURE BRANDS**                                         : **Case No. 13-12329 (CSS)**
**INTERNATIONAL, INC.,** *et al.,*                           :
                                                             : **Jointly Administered**
             Debtors.[1]                                     :
                                                             : **Docket Ref. No. 26, 313, 589, and 716**
------------------------------------------------------------ x

### STIPULATION AMONG DEBTORS, PURCHASERS AND THOMAS O'BRIEN REGARDING TREATMENT OF THE O'BRIEN LICENSE AGREEMENT IN CONJUNCTION WITH THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), KPS Capital Partners, LP and any of its affiliates that are or may become Purchasers under the "Asset Purchase Agreement" (as defined below), including without, limitation, Heritage Home Group LLC, f/k/a FBN Acquisition Holdings, LLC (collectively, the "Purchasers") and Thomas O'Brien ("O'Brien," and together with the Debtors and the Purchasers, the "Parties") hereby respectfully stipulate and agree (this "Stipulation") as follows:

### RECITALS

WHEREAS, on September 9, 2013 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the

---

[1]    The debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are: Furniture Brands International, Inc. (7683); Action Transport, Inc. (7587); Broyhill Furniture Industries, Inc. (3217); Broyhill Home Furnishings, Inc. (8844); Broyhill Retail, Inc. (8843); Broyhill Transport, Inc. (1721); Furniture Brands Holdings, Inc. (2837); Furniture Brands Operations, Inc. (4908); Furniture Brands Resource Company, Inc. (1288); HDM Furniture Industries, Inc. (7484); HDM Retail, Inc. (6125); HDM Transport, Inc. (4378); Lane Furniture Industries, Inc. (5064); Lane Home Furnishings Retail, Inc. (9085); Laneventure, Inc. (8434); Maitland-Smith Furniture Industries, Inc. (7486); Thomasville Furniture Industries, Inc. (6574); Thomasville Home Furnishings, Inc. (3139); Thomasville Retail, Inc. (f/k/a Classic Design Furnishings, Inc.) (6174). The Debtors' corporate headquarters is located at 1 N. Brentwood Blvd., St. Louis, Missouri 63105.

"Court"), thereby commencing the above-captioned cases (the "Chapter 11 Cases"). The Debtors continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, and the Chapter 11 Cases are being jointly administered and have been consolidated for procedural purposes only; and

WHEREAS, prior to the Petition Date, O'Brien and the Debtors entered into a certain license agreement (the "O'Brien License Agreement")[2] regarding the Debtors' use of certain furniture designs proprietary to O'Brien; and

WHEREAS, the Debtors commenced the Chapter 11 Cases to, among other things, pursue the sale of substantially all of their assets (the "Sale"); and

WHEREAS, on September 9, 2013, the Debtors filed the *Debtors' Motion for Orders (I) Approving (A) Bidding Procedures; (B) Form and Manner of Notices; (C) Form of Asset Purchase Agreement, Including Bid Protections; (II) Scheduling Dates to Conduct Auction and Hearing to Consider Final Approval of Sale, Including Treatment of Executory Contracts and Unexpired Leases; and (III) Granting Related Relief; and (IV)(A) Approving Sale of Substantially All of Acquired Assets; (B) Authorizing Assumption and Assignment of Executory Contracts and Unexpired Leases; and (C) Granting Related Relief* [Docket No. 26] (the "Sale Motion"), pursuant to which the Debtors sought approval of certain bid procedures and the Sale of substantially all of their assets; and

WHEREAS, in connection with the Sale, the Court entered that certain *Order (I) Approving (A) Bidding Procedures; (B)  Form and Manner of Notices; (C) Form of Asset Purchase Agreement, Including Bid Protections; (II) Scheduling Dates to Conduct Auction and*

---

[2]  The O'Brien License Agreement shall mean that certain Agreement dated January 22, 1999 between O'Brien, as licensor, and HDM Furniture Industries, Inc., as successor to The Lane Company Incorporated, as licensee, as amended by that certain letter agreement dated November 15, 2006 and that certain Amendment dated April 2011.

*Hearing to Consider Final Approval of Sale, Including Treatment of Executory Contracts and Unexpired Leases; (III) Granting Related Relief* [Docket No. 313] (the "Bid Procedures Order") on October 3, 2013, and a subsequent order modifying the Bid Procedures Order on November 6, 2013 [Docket No. 589]; and

WHEREAS, on November 18, 2013, O'Brien filed the Objection of Thomas O'Brien to Proposed Sale and Proposed Assumption and Assignment of Certain Executory Contracts and Proposed Cure Amount in Connection Therewith (the "O'Brien Objection") [Docket No. 716]; and

WHEREAS, pursuant to the Bid Procedures Order, as modified, a hearing to consider the Sale is scheduled for November 22, 2013 at 2:00 p.m. (ET); and

WHEREAS, the Parties have engaged in good faith negotiations regarding the Sale and the proposed assumption and assignment of the O'Brien License Agreement to the contemplated Purchasers (as defined in the Bid Procedures Order); and

WHEREAS, as a result of such negotiations, the Parties have stipulated to certain agreements and resolutions that resolves the O'Brien Objection to the Sale.

NOW THEREFORE, in consideration of the foregoing and the covenants set forth below, the Parties, through their undersigned counsel, hereby agree and stipulate as follows:

1. Notwithstanding any provision in any agreement, finding of fact or decretal paragraph to the contrary contained in, among other things, the order approving the Sale Motion as it pertains to the Sale to Purchasers (the "Sale Order")[3], the Asset Purchase Agreement among the Debtors and Purchasers (as amended, the "Asset Purchase Agreement") contemplated

---

[3] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Sale Order. The Sale Order is being submitted to the Court simultaneously with the submission of this Stipulation.

01:14526852.5

3

thereby, any plan filed in the Chapter 11 Cases, any confirmation order or other order by this Court, the following provisions shall apply to O'Brien as a creditor of the Debtors and govern the treatment of the O'Brien License Agreement:

a. Effective as of the Closing Date, the Debtors, pursuant to section 365 of the Bankruptcy Code and, with the consent of O'Brien, for due consideration, assume and assign, *cum onere*, the O'Brien License Agreement to Purchasers and nothing in the Sale Order or this Stipulation shall modify or limit any rights of O'Brien under the O'Brien License Agreement except and only as expressly set forth in subparagraph (c) below.

b. Nothing in the Sale Order, the Asset Purchase Agreement, this Stipulation or otherwise shall constitute, or be deemed to constitute, a sale, assignment, conveyance or any type of transfer of any property or interests of any kind owned or held by O'Brien, including, without limitation, any trademarks, patents, copyrights, designs, or other intellectual property rights created and owned by O'Brien. For the avoidance of doubt, the property owned by O'Brien includes, without limitation, the following items and such items are not being transferred to Purchasers either by the Asset Purchase Agreement or the Sale Order: the marks "Thomas O'Brien" and "Thomas O'Brien Collection", the name and likeness of Thomas O'Brien, any drawings, designs and sketches by O'Brien for any Articles (as defined in the O'Brien License Agreement), and any patents of O'Brien including, without limitation the following patents: US D658,405 S dated May 1, 2012, US D658,406 S dated May 1, 2012, and US D675,045 S dated January 29, 2013.

c. Without limiting subparagraph (a) above, (i) notwithstanding anything to the contrary, O'Brien, in his sole and absolute discretion, has and shall retain the right to terminate the O'Brien License Agreement at any time after the Closing Date by giving at least ninety days prior written notice to

01:14526852.5

4

Purchasers. Any notice of termination of the O'Brien License Agreement shall be sufficient upon dispatch if given by email or Federal Express to the Purchasers' counsel at: Peter Young, Esq., Proskauer Rose LLP, Three First National Plaza, 70 West Madison, Suite 3800, Chicago, IL 60602; pyoung@proskauer.com; (ii) Purchasers hereby agree, in consideration of, inter alia, O'Brien's consent to the assumption and assignment of the O'Brien License Agreement, that they will not and hereby are precluded from in any way challenging O'Brien's unilateral right to terminate the O'Brien License Agreement and any determination by O'Brien to terminate the O'Brien License Agreement; (iii) O'Brien hereby agrees that he will not deliver a notice of termination of the O'Brien License Agreement prior to 180 days after the Closing Date (as defined in the Asset Purchase Agreement); (iv) from and after the Closing Date, Purchasers shall timely perform all obligations under the O'Brien License Agreement and timely pay to O'Brien any "Percentage Fee" (as defined in the O'Brien License Agreement) and any other payments owed under the O'Brien License Agreement accrued (from and after September 29, 2013) and payable under the terms of the License Agreement, and shall indemnify O'Brien pursuant to the terms of paragraph 11 of the O'Brien License Agreement. For the avoidance of doubt, Purchasers shall also pay to O'Brien the Percentage Fee for the sales of all Articles by the Debtors from September 29, 2013 through the Closing Date and provide a report therefore not later than January 30, 2014.

d. To cure the Debtors' obligations pursuant to section 365 of the Bankruptcy Code with respect to the O'Brien License Agreement, within (5) business days of the Closing Date the Debtors shall pay to O'Brien $154,774.68 which is the amount needed to cure any and all amounts outstanding under the O'Brien License Agreement as of the date the Sale Order is entered for sales by the Debtors of "Articles" (as defined in the

O'Brien License Agreement) through and including September 28, 2013 and for expense reimbursement (the "O'Brien Cure Amount").

    e. O'Brien, on the one hand, and the Debtors and their estates on the other hand, hereby agree, for the consideration set forth herein, to mutually release each other from all claims that either may have against the other as of the date hereof based on any matter whatsoever, except for their respective obligations set forth herein including the Debtors' payment of the O'Brien Cure Amount and O'Brien shall retain his right to review the Purchasers' books and records to investigate the Debtors' actual sales during the period from September 29, 2013 to the Closing Date and assert all rights to obtain a payment from Purchasers for all Percentage Fees owed for the sales of any and all Articles during the period from and after September 29, 2013.

2. The respective undersigned counsel represent and warrant that they are authorized to execute this Stipulation.

3. This Stipulation shall not become effective until an order has been entered by the Court in the Chapter 11 Cases approving this Stipulation.

4. In exchange for the consideration set forth in paragraph 1, above, O'Brien hereby withdraws the O'Brien Objection.

5. All of the recitals set forth above are incorporated in this Stipulation by reference as if fully set forth in this Stipulation. This Stipulation and the order of the Court approving this Stipulation shall constitute the complete express agreement of the Parties concerning the subject matter of this Stipulation, and shall be deemed to supersede any prior understandings, agreements, or representations by or among the Parties, written or oral, to the extent they relate in any way to the subject matter of this Stipulation. No modification or

01:14526852.5

6

amendment to this Stipulation shall be valid unless it is in writing and signed by the Parties hereto.

      6.     This Stipulation is governed by and shall be construed in accordance with the laws of the State of Delaware without regard to its conflict of law provisions. The Court shall retain exclusive jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation.

      7.     This Stipulation may be executed and delivered in any number of original or facsimile counterparts, each of which shall be deemed an original, but which together shall constitute one and the same instrument.

[Signature Page Follows]

Dated: November 22, 2013

| | |
|---|---|
| YOUNG CONAWAY STARGATT & TAYLOR, LLP | THE ROSNER LAW GROUP, LLC |
| /s/ *M. Blake Cleary* | /s/ *Frederick B. Rosner* |
| M. Blake Cleary (No. 3614) | Frederick B. Rosner (No. 3995) |
| Jaime Luton Chapman (No. 4936) | 824 Market Street, Suite 810 |
| Andrew L. Magaziner (No. 5426) | Wilmington, DE 19801 |
| Rodney Square | Telephone: (302) 777-111 |
| 1000 North King Street | Rosner@teamrosner.com |
| Wilmington, Delaware 19801 | |
| Telephone: (302) 571-6600 | *Counsel to Thomas O'Brien* |
| Facsimile: (302) 571-1253 | |
| | |
| -and- | RICHARDS, LAYTON & FINGER, P.A. |
| | |
| PAUL HASTINGS LLP | /s/ *Michael J. Merchant* |
| Luc A. Despins | Michael J. Merchant (No. 3854) |
| Leslie A. Plaskon | One Rodney Square |
| James T. Grogan | 920 North King Street |
| Park Avenue Tower | Wilmington, Delaware 19801 |
| 75 East 55th Street, First Floor | Telephone: (302) 651-7531 |
| New York, New York 10022 | Facsimile: (302) 498-7531 |
| Telephone: (212) 318-6000 | collins@rlf.com |
| Facsimile: (212) 319-409 | |
| | -and- |
| *Counsel to the Debtors* | |
| | PROSKAUER ROSE LLP |
| | Peter Young |
| | Three First National Plaza |
| | 70 West Madison, Suite 3800 |
| | Chicago, Illinois 60602-4342 |
| | |
| | *Counsel to the Purchasers* |