IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| FURNITURE BRANDS, INTERNATIONAL, INC., *et al.*, | : | Case No. 13-12329 (CSS) |
| | : | (Jointly Administered) |
| Debtors.[1] | : | **Related Docket No. 686** |
| | : | |

## ORDER GRANTING JOINT MOTION OF THE DEBTORS AND OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR AN ORDER APPROVING STIPULATION RELEASING CLAIMS AGAINST NON-DEBTOR FOREIGN SUBSIDIARIES AND RESOLVING THE STALKING HORSE PURCHASER'S ELECTION PURSUANT TO SECTION 7.11 OF ASSET PURCHASE AGREEMENT

Upon consideration of the Joint Motion (the "Motion")[2] of Furniture Brands International, Inc., and its affiliated debtors as debtors in possession in the above captioned cases (collectively, the "Debtors") and the Official Committee of Unsecured Creditors appointed in these chapter 11 cases (the "Committee") seeking entry of an order approving the *Stipulation Releasing Claims Against Non-Debtor Foreign Subsidiaries and Resolving the Stalking Horse Purchaser's Election Pursuant to Section 7.11 of Asset Purchase Agreement* (the "Stipulation") pursuant to 11 U.S.C. § 105(a) and Bankruptcy Rules 6004 and 9019; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C.

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are: Furniture Brands International, Inc. (7683); Action Transport, Inc. (7587); Broyhill Furniture Industries, Inc. (3217); Broyhill Home Furnishings, Inc. (8844); Broyhill Retail, Inc. (8843); Broyhill Transport, Inc. (1721); Furniture Brands Holdings, Inc. (2837); Furniture Brands Operations, Inc. (4908); Furniture Brands Resource Company, Inc. (1288); HDM Furniture Industries, Inc. (7484); HDM Retail, Inc. (6125); HDM Transport, Inc. (4378); Lane Furniture Industries, Inc. (5064); Lane Home Furnishings Retail, Inc. (9085); Laneventure, Inc. (8434); Maitland-Smith Furniture Industries, Inc. (7486); Thomasville Furniture Industries, Inc. (6574); Thomasville Home Furnishings, Inc. (3139); Thomasville Retail, Inc. (f/k/a Classic Design Furnishings, Inc.) (6174). The Debtors' corporate headquarters is located at 1 N. Brentwood Blvd., St. Louis, Missouri 63105.

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

§§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157; and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion being adequate and appropriate under the particular circumstances; and upon consideration of the Motion; and the Court finding that entry into the Stipulation is in the best interests of the Debtors' estates, creditors, and other parties in interest; and upon all of the proceedings had before the Court; and after due deliberation, and good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED that:**

1. The Motion is granted as provided herein.

2. The Stipulation, a copy of which is attached hereto as Exhibit 1, is approved.

3. The Parties are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the terms of the Stipulation.

4. To the extent that the KPS Sale does not close but a sale of substantially all the Debtors' assets, including the stock of the Foreign Subsidiaries, to a purchaser other than KPS and the KPS Acquiring Entities (the "Alternative Purchaser") is approved by the Court, the Committee and the Debtors are authorized to and agree to, and the PBGC agrees to, execute a stipulation on substantially similar terms as this Stipulation with the Alternative Purchaser, without the need for a further order of the Court.

5. This is a final order within the meaning of 28 U.S.C. § 158 that is effective immediately upon entry.

6. To the extent applicable, the 14-day stay pursuant to Rule 6004 of the Federal Rules of Bankruptcy Procedure is hereby waived.

3

7.	This Court shall retain jurisdiction with respect to any matters, claims, rights, or disputes arising from or related to the Stipulation or the implementation of the Order.

Dated:	November 22, 2013

_____
THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE