UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

------------------------------------------------------------x
:
*In re:* : Chapter 11
:
**FBI WIND DOWN, INC. (f/k/a Furniture** : Case No. 13-12329(CSS)
**Brands International, Inc.),** *et al.*, :
: Jointly Administered
Debtors.[1] :
: Re: Docket Nos. 1113 & 1198
------------------------------------------------------------x

## ORDER UNDER BANKRUPTCY CODE SECTIONS 105(a), 327(a), 328(a), 330(a) AND 363 AND BANKRUPTCY RULES 2002, 2014, 2016 AND 6004(h), (I) APPROVING PROCEDURES TO SELL, LEASE OR OTHERWISE DISPOSE RESIDUAL ASSETS, (II) AUTHORIZING THE RETENTION OF BROKERS AND OTHER SALES AGENTS, AND (III) WAIVING THE REQUIREMENTS OF LOCAL BANKRUPTCY RULE 2016-2

Upon the motion (the "Motion")[2] of FBI Wind Down, Inc. (f/k/a Furniture Brands International, Inc. ("FBN") and its affiliated debtors as debtors in possession in the above-captioned cases (collectively, the "Debtors"), for entry of an order, pursuant to sections 105(a), 327(a), 328(a), 330(a) and 363 of title 11 of the United States Code (the "Bankruptcy Code"), and Rules 2002, 2014, 2016 and 6004(h) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (i) authorizing and approving procedures to sell, lease or dispose of certain residual assets and to retain professionals in connection therewith and (ii) granting a waiver of Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are: FBI Wind Down, Inc. (7683); AT Wind Down, Inc. (7587); BFI Wind Down, Inc. (3217); BHF Wind Down, Inc. (8844); BR Wind Down, Inc. (8843); BT Wind Down, Inc. (1721); FBH Wind Down, Inc. (2837); FBO Wind Down, Inc. (4908); FBRC Wind Down, Inc. (1288); HFI Wind Down, Inc. (7484); HR Wind Down, Inc. (6125); HT Wind Down, Inc. (4378); LFI Wind Down, Inc. (5064); LHFR Wind Down, Inc. (9085); LV Wind Down, Inc. (8434); MSFI Wind Down, Inc. (7486); TFI Wind Down, Inc. (6574); THF Wind Down, Inc. (3139); and TR Wind Down, Inc. (6174). The Debtors' corporate headquarters is located at 1 N. Brentwood Blvd., St. Louis, Missouri 63105.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

01:14988520.1

Bankruptcy Court for the District of Delaware (the "Local Rules"), all as set forth more fully in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157; and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion being adequate and appropriate under the particular circumstances; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED that:**

1. The Motion is GRANTED as provided herein.

2. Pursuant to sections 105(a) and 363 of the Bankruptcy Code, the Debtors are authorized, but not required, to sell, lease or otherwise dispose of Residual Assets in accordance with the following procedures (the "Residual Asset Procedures"):

    a. With regard to the sales, leases or other dispositions of Residual Assets in any individual transaction or series of related transactions to a single buyer or group of related buyers (or single lessee or group of related lessees) with an aggregate transaction price up to or equal to $3,000,000:

        (1) The Debtors are authorized to consummate such transactions if the Debtors determine in the reasonable exercise of their business judgment that such sales, leases or dispositions are in the best interests of their estates, without further order of the Court, subject to the procedures set forth herein.

        (2) Any such transactions shall be free and clear of all liens with such liens attaching to the net proceeds of the transaction with the same

(3)     validity, extent, and priority as immediately prior to the transaction.

(3)     The Debtors are authorized to take any actions that are reasonable and necessary to close the sale, lease or disposition of Residual Assets and obtain the proceeds thereof.

(4)     The Debtors shall file a written notice of the sale or transfer in substantially the form attached to the this Order as Exhibit 1 (the "Transaction Notice") with this Court and serve such Transaction Notice, via facsimile or overnight mail, on the following parties: (I) the U.S. Trustee, (II) counsel to the Committee, (III) any known affected creditor(s) asserting a lien on the relevant Residual Asset(s); (IV) any party that has expressed an interest in purchasing the relevant Residual Asset(s); and (V) all parties that filed requests for notices in these cases pursuant to Bankruptcy Rule 2002 and Local Rule 2002-1(b) (collectively, the "Notice Parties"), at least ten (10) calendar days prior to closing the transaction.

(5)     The Transaction Notice shall describe in reasonable detail: (a) the Residual Asset(s) being sold, leased or otherwise disposed; (b) the counterparty to the proposed transaction; (c) the cash proceeds expected to be realized by the estates from the transaction; (d) the material terms of the agreement governing the transaction; and (e) a brief description of the marketing process, including any payment to be made by Debtors on account of commissions or fees to agents, brokers, auctioneers or liquidators .

(6)     Any objection to the proposed transaction (a "Transaction Objection") must: (i) be in writing; (ii) state with specificity the nature of the objection; and (iii) be served on counsel to the Debtors: (a) Paul Hastings LLP, 75 East 55th St., New York, NY 10022 (Attn: James T. Grogan , Esq. and Christopher Fong, Esq.) and (b) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 N. King Street, Wilmington, DE 19801 (Attn: M. Blake Cleary, Esq. and Andrew L. Magaziner, Esq.), so as to be received by the Debtors within ten (10) calendar days from the date of service of the Transaction Notice.

(7)     If no Transaction Objections are received by the Debtors within ten (10) calendar days of the service of the Transaction Notice, the Debtors may immediately consummate the proposed transaction and file a certification of counsel and proposed order approving the transaction with the Court.

01:14988520.1

(8) If a Transaction Objection is timely received by the Debtors and cannot be resolved consensually, then the Transaction Objection shall be heard at the next available hearing date in these cases and the Residual Asset(s) shall only be sold, leased or otherwise disposed upon further order of this Court.

3. The Debtors shall file a separate motion and seek court approval for any sale, lease or other disposition of a Residual Asset, or a group of Residual Assets, involving an aggregate transaction value of more than $3 million.

4. This Order shall not apply to any transactions with "insiders," as that term is defined in section 101 of the Bankruptcy Code.

5. Pursuant to section 363(f) of the Bankruptcy Code, all sales and transfers of Residual Assets pursuant to this Order and the Residual Asset Procedures shall be free and clear of all liens, claims, interests, and encumbrances, with any such liens, claims, interests, and encumbrances to attach to the net proceeds of the applicable sale or transfer, subject to any claims and defenses the Debtors may possess with respect thereto.

6. Any holder of a lien who does not object, or who withdraws their objection, to the sale or transfer of a Residual Asset is deemed to have consented to such sale or transfer pursuant to section 363(f)(2) of the Bankruptcy Code.

7. The Debtors and each Professional retained under this Order shall dispose of the Residual Assets without the necessity of compliance with any federal, state or local statute or ordinance, contractual provision or licensing requirement affecting store and plant closings, "going out of business," bulk transfers, liquidation or auction sales, or regulating advertising, including signs, banners, or posting of signage. Nothing herein shall (i) exempt the Debtors and Professionals from compliance with laws, statutes, rules or ordinances which are for the protection of the health and safety of the public or (ii) preclude any governmental unit from enforcing such laws, statutes, rules or ordinances.

01:14988520.1

8. The sale of any Residual Asset shall be deemed arm's length transactions and the purchasers of such assets shall be entitled to the protections of section 363(m) of the Bankruptcy Code.

9. Nothing in this Order shall prevent the Debtors, in their sole discretion, from seeking Court approval at any time of any proposed transaction upon notice and a hearing.

10. The sale transactions consummated pursuant to this Order shall be binding upon and shall govern the acts of all entities including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, administrative agencies, governmental departments, secretaries of state, federal, state and local officials and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the property sold pursuant to this Order.

11. The Debtors are authorized, after consultation with Committee, to retain Professionals to assist in disposing of the Residual Assets pursuant to the following procedures:

    (1) Each Professional, within thirty days following the date on which the Professional commences services for the Debtors in connection with the Residual Asset Procedures, shall provide the Debtors with a declaration (the "Declaration"), substantially in the form attached to this Order as Exhibit 2, certifying that such Professional does not represent or hold any interest adverse to the Debtors or their estates with respect to the matter on which the Professional is to be employed.

    (2) The Debtors' counsel shall, within a reasonable time after receipt thereof, file the Declaration with this Court and serve a copy upon (a) U.S. Trustee, (b) counsel to the Committee and (c) those parties that have requested notice in these cases pursuant to Bankruptcy Rule 2012 (collectively, the "Reviewing Parties").

    (3) The Reviewing Parties will have ten days following service of a Declaration (the "Objection Deadline") to notify the Debtors, the other Reviewing Parties, and the relevant Professional, in writing, of any

objection (an "<u>Objection</u>") to the retention based upon the Declaration. If, upon the Objection Deadline, no Objection is filed, the Debtors shall file a certification of no objection and the retention, employment, and compensation of such Professional shall be deemed approved, pursuant to sections 327(a), 328(a) and 330 of the Bankruptcy Code without further order from the Court. If an Objection is filed on or before the Objection Deadline and such objection cannot be resolved within 20 days of the filing date of the Objection, the Objection shall be considered at the next scheduled hearing before this Court.

12. The requirements of Local Rule 2016-2 are waiver with respect to each Professional retained in accordance with the Residual Asset Procedures.

13. The Debtors are authorized to compensate each Professional, to the extent applicable, from the proceeds of any Residual Asset transaction.

14. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order, including paying those necessary fees and expenses incurred in the sale, lease, or disposition of Residual Assets (including, but not limited to, commission fees to agents, brokers, auctioneers, and liquidators), subject to the filing of the Declaration as required by paragraph 11 above.

15. The Debtors are authorized to take all actions and execute all documents necessary to implement the relief granted in this Order or appropriate to effectuate the disposition of any Residual Asset pursuant to the terms of this Order.

16. The requirements set forth in Bankruptcy Rules 6004(a) and 6004(h) are satisfied by the contents of the Motion or otherwise deemed waived.

17. This Court retains jurisdiction with respect to all matters arising from or related to the interpretation or implementation of the Order.

Dated: Wilmington, Delaware
　　　　2/7　　　　, 2014

_____
CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

01:14988520.1